**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| METROMEDIA STEAKHOUSES | § | |
| COMPANY, L.P. and PUERTO RICO | § | |
| PONDEROSA, INC., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  3:07-CV-02042 |
| | § | |
| BMJ FOODS PUERTO RICO, INC., | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT BMJ FOODS PUERTO RICO, INC.'S MOTION TO TRANSFER VENUE AND MOTION TO DISMISS FOR WANT OF JURISDICTION AND BRIEFS IN SUPPORT

Respectfully submitted,

/s/ Peter J. Harry
Peter J. Harry

**BROWN MCCARROLL, L.L.P.**
2000 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
(214) 999-6100
(214) 999-6170 (fax)
E-mail:  pharry@mailbmc.com

ATTORNEY FOR DEFENDANT

TABLE OF CONTENTS

Table of Contents.................................................................................................................i
Table of Authorities ...........................................................................................................ii
I.        Motion to Transfer Venue ......................................................................................1
Introduction .........................................................................................................................1
Chronology of the Litigation ..............................................................................................2
Brief in Support ...................................................................................................................5
          A.       The Texas Action should be transferred to the District of Puerto Rico under the
                   "first to file" rule.......................................................................................................5
                   1.       The Texas Action and the Puerto Rico Action are duplicative..................6
                   2.       The District Court for the District of Puerto Rico should take the case......7
                   3.       The Northern District of Texas should limit its inquiry to whether a
                            substantial overlap exists...........................................................................8
                   4.       The Northern District of Texas should transfer the case. ...........................9
          B.       Under 28 U.S.C. § 1404(a), the factors to be considered weigh in favor of
                   transferring the Texas Action to the District of Puerto Rico.................................9
                   1.       Public Interest Factors and Puerto Rico's Public Law 75 weigh in favor
                            of transfer. ...............................................................................................10
                   2.       Private interest factors weigh in favor of transfer....................................12
                   3.       The court should give little deference to Metromedia and P.R.
                            Ponderosa's choice of forum. ..................................................................13
          C.       Transfer is proper..................................................................................................14
II.       Motion to Dismiss for Want of Jurisdiction .......................................................14
          A.       Subject Matter Jurisdiction....................................................................................15
          B.       Personal Jurisdiction .............................................................................................15
                   1.       BMJ Foods is a non-resident. ...................................................................16
                   2.       BMJ Foods did not establish sufficient "minimum contacts" with the
                            Texas. .......................................................................................................16
                   3.       There is no general jurisdiction over BMJ Foods. ...................................17
                   4.       There is no specific jurisdiction over BMJ Foods. ..................................17
          C.       Conclusion.............................................................................................................18
III.      Prayer ...................................................................................................................18

i

T<small>ABLE OF</small> A<small>UTHORITIES</small>

**FEDERAL CASES**

*Action Corp. v. Toshiba America Consumer Products, Inc.,*
　　975 F. Supp. 170 (D.P.R. 1997)................................................................. 11, 12

*Alpine View Co.,*
　　205 F.3d at 214-15 ........................................................................................ 16

*America Motorists Insurance Co. v. America Emps.' Insurance Co.,*
　　600 F.2d 15 (5th Cir. 1979) ........................................................................... 4

*Cadle v. Whataburger of Alice, Inc.,*
　　174 F.3d 599, 605-06 (5th Cir. 1999)............................................................ 8

*California Security Co-Op, Inc. v. Multimedia Cablevision, Inc.,*
　　897 F. Supp. 316 (E.D. Tex. 1995) ....................................................... 5, 6, 8

*City of Indianapolis v. Chase National Bank,*
　　314 U.S. 63 (1941)........................................................................................ 15

*Dallas Semiconductor Corp. v. Credit Suisse First Boston Corp.,*
　　2001 U.S. Dist. LEXIS 15282 (N.D. Tex. 2001)............................................ 7

*In re Enron,*
　　2007 U.S. Dist. LEXIS 91141 (S.D. Tex. 2007)........................................... 10

*Fidelity Bank v. Mortgage Funding Corp. of America,*
　　855 F. Supp. 901 (N.D. Tex. 1994)................................................................ 7

*Freudensprung v. Offshore Technical Services, Inc.,*
　　379 F.3d 327 (5th Cir. 2004) .................................................................. 16, 17

*Getty Oil Corp. Division of Texaco, Inc. v. Insurance Co. of N. America,*
　　841 F.2d 1254 (5th Cir. 1988) ....................................................................... 4

*Helicopteros Nacionales de Columbia, S.A. v. Hall,*
　　466 U.S. 408, 415-16 (1984) .................................................................. 16, 17

*Ill. Cent. R.R. Co. V. Pargas, Inc.,*
　　706 F.2d 633, 636 & n.2 (5th Cir. 1983)........................................................ 4

*Jarvis Christian College v. Exxon Corp.,*
　　845 F.2d 523 (5th Cir. 1988) ....................................................................... 10

*Mann Manufacturing, Inc. v. Hortex, Inc.*,
    439 F.2d 403 (5th Cir. 1971) ................................................................. 5, 6, 7, 8

*Nature's Sunshine Products, Inc. v. Natural Health Trends Corp.*,
    2005 U.S. Dist. LEXIS 16098 (N.D. Tex. 2005) ................................... 7, 8, 9

*Ruiz v. Economics Laboratory, Inc.*,
    274 F. Supp. 14 (D.P.R. 1967) ................................................................. 11

*Saudi v. Marine Atlantic*,
    159 F. Supp. 2d 469 (S.D. Tex. 2000) ....................................................... 18

*Superior Savings Association v. Bank of Dallas*,
    705 F. Supp. 326 (N.D. Tex. 1989) ......................................................... 5, 6

*Texas Instruments, Inc. v. Micron Semiconductor, Inc.*,
    815 F. Supp. 994 (E.D. Tex. 1993) .................................................... 5, 6, 7, 9

*In re Volkswagon of the America, Inc.*,
    506 F.3d 376 (5th Cir. 2007) ...................................................................... 9

*West Gulf Maritime Association v. ILA Deep Sea Local*,
    751 F.2d 721 (5th Cir. 1985) ............................................................. 5, 7, 8

## STATE CASES

*U-Anchor Adver., Inc. v. N.H. Burt*,
    553 S.W.2d 760 (Tex. 1977) ....................................................................... 18

## FEDERAL STATUTES

*Title* 28 U.S.C. § 1332 ...................................................................................... 15
*Title 28* U.S.C. § 1404(a) ........................................................................... 1, 2, 9, 14

## STATE STATUTES

10 L.P.R.A. § 278-278d ..................................................................................... 11
10 L.P.R.A. §278(b)(2) ...................................................................................... 12

## MISCELLANEOUS

N.D. Tex. Civ. R. 3.1 ........................................................................................... 3

4059175.1
56503.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| METROMEDIA STEAKHOUSES | § | |
| COMPANY, L.P. and PUERTO RICO | § | |
| PONDEROSA, INC., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  3:07-CV-02042 |
| | § | |
| BMJ FOODS PUERTO RICO, INC., | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT BMJ FOODS PUERTO RICO, INC.'S MOTION TO TRANSFER VENUE AND MOTION TO DISMISS FOR WANT OF JURISDICTION AND BRIEFS IN SUPPORT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, BMJ FOODS PUERTO RICO, INC. ("BMJ Foods"), the Defendant herein, and files this its Motion to Transfer Venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1404, as venue is improper in the Northern District of Texas, and its Motion to Dismiss for Want of Jurisdiction pursuant to Rule 12(b)(1) and (2) of the Federal Rules of Civil Procedure, and in support thereof, respectfully shows the following:

**I.**
### MOTION TO TRANSFER VENUE

#### INTRODUCTION

1.     Defendant BMJ Foods brings its Motion to Transfer Venue, based upon 28 U.S.C. § 1404 and the "first to file" rule, to transfer the present suit (the "Texas Action") brought by Plaintiffs Metromedia Steakhouses Company L.P. ("Metromedia") and Puerto Rico Ponderosa, Inc. ("P.R. Ponderosa") to the District of Puerto Rico in favor of the substantially related action

DEFENDANT BMJ FOODS PUERTO RICO, INC.'S MOTION TO TRANSFER VENUE
AND MOTION TO DISMISS FOR WANT OF JURISDICTION AND BRIEFS IN SUPPORT          PAGE 1

4059175.1
56503.1

brought by BMJ Foods against Metromedia and P.R. Ponderosa (the "Puerto Rico Action") that is currently pending before the District Court for the District of Puerto Rico.  The Texas Action and the Puerto Rico Action involve the same parties, the same facts, and issues that substantially overlap.  As such, trying both cases in separate courts would result in duplicative litigation and piecemeal resolution of issues that call for a uniform result.  To avoid these concerns, only one court should try the lawsuit.

2.      According to the Fifth Circuit, the court that first acquired jurisdiction is the appropriate court to determine which of the two cases should proceed.  Here, the District Court in Puerto Rico was the first court to acquire jurisdiction over this dispute.  Therefore, unless compelling circumstances dictate otherwise, the Texas Action should be transferred to the District of Puerto Rico.

3.      In addition, the public and private interest factors that courts normally consider under 28 U.S.C. § 1404 weigh strongly in favor of transferring the present case to the District of Puerto Rico.  More particularly, Puerto Rico Public Law No. 75 governs these types of disputes and requires venue in Puerto Rico.

4.      Thus, under the law of the Fifth Circuit and in the interest of judicial economy, the Texas Action should be transferred to the District of Puerto Rico.

### CHRONOLOGY OF THE LITIGATION

5.      On December 6, 2007, Metromedia and P.R. Ponderosa filed the above styled and numbered cause (the Texas Action) against BMJ Foods.  The complaint predicated subject matter jurisdiction on diversity of citizenship.

DEFENDANT BMJ FOODS PUERTO RICO, INC.'S MOTION TO TRANSFER VENUE
AND MOTION TO DISMISS FOR WANT OF JURISDICTION AND BRIEFS IN SUPPORT                              PAGE 2

4059175.1
56503.1

6.     On December 13, 2007, this court issued an Order that notified Metromedia and P.R. Ponderosa that their complaint, lacking a list of interested persons, failed to comply with N.D. Tex. Civ. R. 3.1 and directed Metromedia and P.R. Ponderosa to file a list of interested persons within twenty (20) days.[1]

7.     On December 20, 2007, Metromedia and P.R. Ponderosa filed a Certificate of Interested Persons, that identified the following as such:  Metromedia Steakhouses Company, L.P.; Puerto Rico Ponderosa, Inc.; BMJ Foods Puerto Rico, Inc.; and JOST Restaurant Financing, Inc.

8.     On December 27, 2007, this Court filed a second Order regarding Metromedia and P.R. Ponderosa's complaint directing Metromedia and P.R. Ponderosa to file an amended complaint that alleges the citizenship of all of Metromedia's limited partners.  According to the Court's Order, "[u]ntil plaintiffs allege the citizenship of all of Metromedia's limited partners, this court is not shown to have subject matter jurisdiction."[2]

9.     On January 3, 2008, BMJ Foods filed a complaint against Metromedia and P.R. Ponderosa before the Puerto Rico Court of First Instance, Caguas Part, under the caption:  *BMJ Foods P.R., Inc. v. Metromedia Steakhouses Company, L.P*, Civil Action No. EAC2008-0002 (402) (the Puerto Rico Action).[3]

10.     On January 7, 2008, Metromedia and P.R. Ponderosa filed their First Amended Complaint in the Texas Action alleging "Metromedia's limited partners are citizens of the State

---

[1]     *See* Order dated December 13, 2007, attached hereto as Exhibit 1, at App. 1.

[2]     *See* Order dated December 27, 2007 attached hereto as Exhibit 2 (emphasis added), at App. 2-3.

[3]     *See* Complaint, attached hereto as Exhibit 4, at App. 11-33.

DEFENDANT BMJ FOODS PUERTO RICO, INC.'S MOTION TO TRANSFER VENUE
AND MOTION TO DISMISS FOR WANT OF JURISDICTION AND BRIEFS IN SUPPORT                    PAGE 3

4059175.1
56503.1

of New York; they are not organized under, do not reside in, and do not maintain a principal place of business in Puerto Rico." 1st Am. Compl. ¶ I(1).

11.    On January 18, 2008, Metromedia and P.R. Ponderosa filed their Second Amended Complaint in the Texas Action that avers merely that "Metromedia's limited partners are citizens of the State of New York and Delaware; they are not organized under, do not reside in, and do not maintain a principal place of business in Puerto Rico." 2d Am. Compl. ¶ I(1).

12.    On January 23, 2008 this court filed an Order once again directing that Metromedia and P.R. Ponderosa file an amended complaint that shows the citizenship of all the limited partners of Metromedia.[4]   The court's Order includes the following discussion:

> [I]t is improper to allege diversity of citizenship without distinctly and affirmatively alleging the citizenship of each party.  *Getty Oil Corp. Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (holding that allegation that defendant was not a citizen of particular states did not establish citizenship for diversity purposes).  "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Id.* (citing *Ill. Cent. R.R. Co. V. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).  The rules are straightforward and demand strict adherence.  *Id.*  Plaintiffs' assertion that Metromedia's limited partners "are not organized under, do not reside in, and do not maintain a principal place of business in Puerto Rico," 2d Am. Compl. ¶ I(1), is therefore insufficient.
>
> Until plaintiffs properly plead the citizenship of all of Metromedia's limited partners, this court is not shown to have subject matter jurisdiction.  *See Am. Motorists Ins. Co. v. Am. Emps.' Ins. Co.*, 600 f.2d 15, 16 (5th Cir. 1979).

Order dated January 23, 2008 (emphasis added).

13.    Also on January 23, 2008, Metromedia and P.R. Ponderosa filed a Notice of Removal in the United States District Court for the District of Puerto Rico removing the Puerto Rico Action to the Puerto Rico federal court.[5]

---

[4]      *See* Order dated January 23, 2008, attached hereto as Exhibit 3, at App. 4-5.

DEFENDANT BMJ FOODS PUERTO RICO, INC.'S MOTION TO TRANSFER VENUE
AND MOTION TO DISMISS FOR WANT OF JURISDICTION AND BRIEFS IN SUPPORT                                    PAGE 4

4059175.1
56503.1

14.     On January 25, 2008, Metromedia and P.R. Ponderosa filed their *Third Amended Complaint* in the Texas Action, which for the first time disclosed the names and alleged citizenship of each of Metromedia's limited partners and its general partner.

15.     Subsequently, on January 30, 2008, the Plaintiffs filed a *Fourth Amended Complaint*.

<u>BRIEF IN SUPPORT</u>

**A.     The Texas Action should be transferred to the District of Puerto Rico under the "first to file" rule.**

16.     The Fifth Circuit follows the first-to-file rule. *See West Gulf Maritime Ass'n v. ILA Deep Sea Local*, 751 F.2d 721, 730 (5th Cir. 1985). The first to file rule is a generally recognized doctrine which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district. *Texas Instruments, Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 997 (E.D. Tex. 1993). In determining whether to apply the first to file rule to an action, a court must resolve two questions: 1) are the two pending actions so duplicative or involve substantially similar issues that one court should decide the subject matter of both actions; and 2) which of the two courts should take the case? *Id.*; *Superior Savings Ass'n v. Bank of Dallas*, 705 F. Supp. 326, 328-29 (N.D. Tex. 1989); *California Security Co-Op, Inc. v. Multimedia Cablevision, Inc.*, 897 F. Supp. 316, 317 (E.D. Tex. 1995). Once these determinations are made, each complaint involving the same parties and issues should be transferred to the proper court to allow that court to determine which action will proceed. *See Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403 (5th Cir. 1971)

---

[5]     *See* Notice of Removal attached hereto as Exhibit 4, at App. 6-47.

DEFENDANT BMJ FOODS PUERTO RICO, INC.'S MOTION TO TRANSFER VENUE
AND MOTION TO DISMISS FOR WANT OF JURISDICTION AND BRIEFS IN SUPPORT                          PAGE 5

4059175.1
56503.1

("In the absence of compelling circumstances the court initially seized of a controversy should be the one to decide whether it will try the case.").

17.     As discussed more fully below, the Texas Action and the Puerto Rico Action are so closely related that only one court should decide both actions.  To this end, according to the Northern District of Texas and the Fifth Circuit, Puerto Rico federal court is the proper court to try this case because it was the first court to acquire jurisdiction.  Therefore, a transfer of the Texas Action to the District of Puerto Rico is proper to allow that court to determine which of the two actions should proceed.

### 1.     The Texas Action and the Puerto Rico Action are duplicative.

18.     As to whether one court should decide the subject matter of two similar actions, all that need to be present is that the two actions involve closely related questions or common subject matter, or that the core issues substantially overlap.  *Texas Instruments, Inc.*, 815 F. Supp. at 997; *Superior Savings Ass'n*, 705 F. Supp. at 329 (citing *Mann Mfg., Inc.*, 439 F.2d at 407); *see also California Security Co-Op, Inc.*, 897 F. Supp at 317-18.  Here, there is a significant relationship between the subject matter of the two actions and the core issues before the court do indeed substantially overlap.  Therefore, and for reasons discussed more fully below, these actions should not proceed separately.

19.     The Texas Action and the Puerto Rico Action involve the exact same parties and the same controversy.  Additionally, the disputes and claims in both actions all arise from the same Franchise Agreements that govern the management and operation of the thirty restaurants at issue.  To this end, the issues in both actions center on Metromedia and P.R. Ponderosa's

DEFENDANT BMJ FOODS PUERTO RICO, INC.'S MOTION TO TRANSFER VENUE
AND MOTION TO DISMISS FOR WANT OF JURISDICTION AND BRIEFS IN SUPPORT                    PAGE 6

4059175.1
56503.1

rights and duties under the Franchise Agreements and whether BMJ Foods could rightfully cease making payments under the same.

20.     As the litigation process continues, many of the same determinations will need to be made in each action such as the parties' rights and obligations under the Franchise Agreements, as well as whether any breaches have occurred.  Furthermore, much of the same evidence will be required in each lawsuit.  Therefore, if both actions were allowed to proceed separately, there would be a high risk of piecemeal and possibly contradictory determinations.

21.     As a result, because both actions involve the same parties, the same Franchise Agreements, and essentially the same issues arising from the agreements, one court should decide the subject matter of both actions.

> **2.     The District Court for the District of Puerto Rico should take the case.**

22.     Because a likelihood of substantial overlap exists, the next issue for the court to determine is which of the two courts should take the case.  The Northern District of Texas and the Fifth Circuit both follow the general rule that when two identical actions are filed in courts of concurrent jurisdiction, the court that first acquires jurisdiction should try the lawsuit. *West Gulf Maritime Ass'n*, 751 F.2d at 730 (5th Cir. 1985); *Nature's Sunshine Products, Inc. v. Natural Health Trends Corp.*, 2005 U.S. Dist. LEXIS 16098 at \*5 (N.D. Tex. 2005); *Dallas Semiconductor Corp. v. Credit Suisse First Boston Corp.*, 2001 U.S. Dist. LEXIS 15282 at \*4 (N.D. Tex. 2001); *Fidelity Bank v. Mortgage Funding Corp. of Am.*, 855 F. Supp. 901, 902 (N.D. Tex. 1994); *Texas Instruments, Inc.*, 815 F. Supp. at 997; *see Mann Mfg., Inc.* 439 F.2d at 408.

23.     Here, BMJ Foods filed the Puerto Rico action in a local Commonwealth Court on January 3, 2008.  Metromedia and P.R. Ponderosa removed the Puerto Rico action to the District

DEFENDANT BMJ FOODS PUERTO RICO, INC.'S MOTION TO TRANSFER VENUE
AND MOTION TO DISMISS FOR WANT OF JURISDICTION AND BRIEFS IN SUPPORT                                    PAGE 7

4059175.1
56503.1

Court for the District of Puerto Rico on January 23, 2008, asserting therein that the District Court

had jurisdiction.  Therefore, the Puerto Rico federal court acquired jurisdiction over the Puerto

Rico action, at the very latest, on January 23, 2008.

24.    As of the date the Puerto Rico court acquired jurisdiction over the Puerto Rico

Action, this court did not yet have jurisdiction over the Texas Action.  According to the court's

order, attached hereto as Exhibit 3 at App. 4-5, as of January 23, 2008, this court was not shown

to have subject matter jurisdiction over the Texas Action.  Even today, the Texas Court does not

appear to have taken jurisdiction.  Therefore, by obtaining jurisdiction on January 23, 2008, the

Puerto Rico federal court was the first to acquire jurisdiction.

### 3.    The Northern District of Texas should limit its inquiry to whether a substantial overlap exists.

25.    Because the District Court for the District of Puerto Rico is the court that first

acquired jurisdiction in this case, this court should, on BMJ's Motion to Transfer Venue, limit its

inquiry to whether the "likelihood of substantial overlap between the two suits has been

demonstrated."  *See Nature's Sunshine Products, Inc.*, 2005 U.S. Dist. LEXIS 16098 at * 7

(citing *Cadle v. Whataburger of Alice, Inc.*, 174 F.3d 599, 605-06 (5th Cir. 1999)); *see also West*

*Gulf Marine Ass'n*, 751 F.2d at 730; *California Security Co-Op, Inc.*, 897 F. Supp at 317-18.  If a

substantial overlap exists, this court should transfer the action to the District of Puerto Rico and

should refrain from resolving challenges to the District of Puerto Rico's authority to handle the

case.  *See Mann Mfg., Inc.*, 439 F.2d at 409 (holding once the likelihood of substantial overlap

between the two suits had been demonstrated, it was no longer up to the second court to resolve

the question of whether both should be allowed to proceed; instead, the cases should be

DEFENDANT BMJ FOODS PUERTO RICO, INC.'S MOTION TO TRANSFER VENUE
AND MOTION TO DISMISS FOR WANT OF JURISDICTION AND BRIEFS IN SUPPORT                    PAGE 8

4059175.1
56503.1

consolidated in the jurisdiction first seized of the issues); *Nature's Sunshine Products, Inc.*, 2005 U.S. Dist. LEXIS 16098 at * 7.

       **4.**      **The Northern District of Texas should transfer the case.**

       26.      As a result of the foregoing, even though the Texas Action was technically filed before the Puerto Rico Action, the Puerto Rico federal court was the first court to acquire jurisdiction.  As the court that first acquired jurisdiction, the Puerto Rico federal court has the authority to decide whether the Texas Action or the Puerto Rico Action ought to proceed. *Nature's Sunshine Products, Inc.*, 2005 U.S. Dist. LEXIS 16098 at * 9; *see Texas Instruments, Inc.*, 815 F. Supp. At 999.  Therefore, this court should transfer the Texas Action to Puerto Rico to avoid compromising the integrity of the Puerto Rico court's jurisdiction.

**B.**      **Under 28 U.S.C. § 1404(a), the factors to be considered weigh in favor of transferring the Texas Action to the District of Puerto Rico.**

       27.      Even if the court opts to dispense with the first to file rule, BMJ Foods would show that a transfer to the District of Puerto Rico is still proper under 28 U.S.C. § 1404(a).

       28.      Title 28 U.S.C. § 1404(a) provides, "For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  In deciding whether to transfer an action, a court must consider and balance a number of private and public factors, none of which, by itself, is dispositive.  *In re Volkswagon of the America, Inc.*, 506 F.3d 376, 380 (5th Cir. 2007).  The public interest factors are:  (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.  *Id.*  The private interest factors are:  (1) the relative

DEFENDANT BMJ FOODS PUERTO RICO, INC.'S MOTION TO TRANSFER VENUE
AND MOTION TO DISMISS FOR WANT OF JURISDICTION AND BRIEFS IN SUPPORT      PAGE 9

4059175.1
56503.1

ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Id.*    The plaintiff's choice of forum is also a factor to be weighed. *Id.*

29.    In the instant case, based upon the allegations in Plaintiffs' pleadings, most of the public and private interest factors strongly favor the transfer of the case to District of Puerto Rico.

      **1.**      **Public Interest Factors and Puerto Rico's Public Law 75 weigh in favor of transfer.**

30.    The first public interest factor is administrative difficulties created by court congestion.  Courts in the Fifth Circuit have recognized that maintenance of two suits arising from the same occurrences in two separate courts gives rise to the kind of congestion that a § 1404 transfer was intended to eliminate and justifies transfer. *Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 529 (5th Cir. 1988); *In re Enron,* 2007 U.S. Dist. LEXIS 91141, at *67 (S.D. Tex. 2007).

31.    Second, regarding local interest in having localized interests decided at home, Texas has a very limited interest in deciding this dispute as compared to Puerto Rico.  Very few, if any, of the acts or omissions giving rise to the claims at issue occurred in Texas.  On the other hand, this litigation involves particularly local issues which can best be addressed in the locality in which they arose, which in this case, is Puerto Rico.  The present dispute is centered around thirty restaurants located in Puerto Rico and the Franchise Agreements and other contracts that govern the operation and management of each establishment.  In addition, the viability of the Puerto Rican market is one of the keys to the Plaintiffs' claim and/or defense in this case.

DEFENDANT BMJ FOODS PUERTO RICO, INC.'S MOTION TO TRANSFER VENUE
AND MOTION TO DISMISS FOR WANT OF JURISDICTION AND BRIEFS IN SUPPORT      PAGE 10

4059175.1
56503.1

Specifically, Plaintiff alleges that the decline in BMJ Foods' business was due to problems with Puerto Rico's economy rather than any wrongdoing on Metromedia and P.R. Ponderosa's part. It would be significantly more difficult to litigate the viability of the Puerto Rican market before the court in Texas than it would be before the court in Puerto Rico. In accordance, Puerto Rico has a much stronger public interest in adjudicating these actions than Texas does.

32.     Regarding the third public interest factor, this dispute involves significant issues of Puerto Rican law that should be addressed by a court sitting in Puerto Rico. The Puerto Rico Dealers' Act ("Public Law 75") applies to the litigation and serves as one of the grounds for BMJ Foods' claims against Metromedia and P.R. Ponderosa. *See* 10 L.P.R.A. § 278-278d; BMJ Foods' Compl. at ¶¶ 29-33.[6] Public Law 75 was enacted to protect the entrepreneurial efforts of Puerto Rican businesses. *See Action Corp. v. Toshiba America Consumer Products, Inc.*, 975 F. Supp. 170, 175 (D.P.R. 1997). In particular, it is designed to help dealers and franchisees located in Puerto Rico avoid the abuse often caused by the more powerful principals and franchisors that they contract with. *Ruiz v. Economics Laboratory, Inc.*, 274 F.Supp. 14, 16 (D.P.R. 1967) (Puerto Rico's Dealer's Act was approved in view of widespread abuse by principals of their franchised dealers). Because of its familiarity with Public Law 75, a court sitting in Puerto Rico would be in a better position than this court to construe the statute.

33.     In fact, Public Law 75 sets forth, in no uncertain terms, the Puerto Rican legislature's intent that the disputes between dealers/franchisees and their principals be heard by courts in Puerto Rico.[7] Public Law 75 provides that claims arising under the act should be

---

[6]     See Complaint attached hereto as Exhibit 4, at App. 31.

[7]     Public Law 75 states: "Any stipulation that obligates a dealer to adjust, arbitrate or litigate any controversy that comes up regarding his dealer's contract outside of Puerto Rico, or under foreign law or rule of law, shall be

DEFENDANT BMJ FOODS PUERTO RICO, INC.'S MOTION TO TRANSFER VENUE
AND MOTION TO DISMISS FOR WANT OF JURISDICTION AND BRIEFS IN SUPPORT                     PAGE 11

4059175.1
56503.1

adjudicated by the courts of Puerto Rico even in the presence of a forum selection clause between the nonresident principal and the dealer stipulating where the controversies would be settled. *See Action Corp.* 975 F. Supp. at 175. Public Law 75 makes Puerto Rico's public policy very clear -- disputes arising out of distributorship/franchise contracts involving Puerto Rican franchisees are better handled under Puerto Rico law by courts in Puerto Rico. *Id.*

34.     Finally, regarding the fourth public interest factor, a transfer to Puerto Rico would help avoid unnecessary problems of conflict of law.    Public Act 75 sets forth the dealer's/franchisee's contracts referred to in the act shall be interpreted pursuant to and ruled by the laws of the Commonwealth of Puerto Rico, and any other stipulation to the contrary shall be void. *See* 10 L.P.R.A. § 278(b)(2). In light of § 278(b)(2), if this case remained in Texas, there would be a natural conflict as to whether Ohio law or Puerto Rico law governed the contractual relationship between the parties.[8]  A transfer to Puerto Rico would eliminate this problem.

### 2.     Private interest factors weigh in favor of transfer.

35.     When weighed against the facts of this case, each of the private factors also favors transferring the case to the District of Puerto Rico.

36.     Puerto Rico is by far a more convenient forum for both parties because both parties have a strong presence there.   Plaintiffs conduct a significant amount of business in Puerto Rico.   In fact, despite the Plaintiffs' allegations otherwise, it is believed that P.R.

---

likewise considered as violating the public policy set forth by this chapter and is therefore null and void." 10 L.P.R.A. §278(b)(2).

[8]     BMJ Foods is aware that the franchise agreements at issue contain an Ohio choice of law provision. However, BMJ Foods is confident that the choice of law provision will be deemed unenforceable in light of 10 L.P.R.A. § 278(b)(2) and due to the fact that none of the parties to the agreements are residents of Ohio or organized under Ohio law and none of the events that gave rise to this action occurred in Ohio.  In fact, it is a mystery as to why Ohio law is mentioned in the franchise agreement at all.

DEFENDANT BMJ FOODS PUERTO RICO, INC.'S MOTION TO TRANSFER VENUE
AND MOTION TO DISMISS FOR WANT OF JURISDICTION AND BRIEFS IN SUPPORT                                                         PAGE 12

4059175.1
56503.1

Ponderosa maintains its principal place of business in Puerto Rico. Defendant BMJ Foods is also a citizen of Puerto Rico and conducts 100% of its business in that forum.

37.    Puerto Rico is also the forum where a vast majority of the events giving rise to the this dispute occurred. The thirty restaurants that are at the center of this dispute are all located in Puerto Rico. Furthermore, as the Plaintiffs' pleadings indicate, most, if not all, of the services and support the Plaintiffs provided to BMJ Foods under the contracts at issue were provided in Puerto Rico. Issues regarding the failure of Metromedia to support the Puerto Rico restaurants, as well as the affect, if any, played by the local economy would seem to have little to do with the Northern District of Texas.

38.    As a result, most of the relevant witnesses and documents that will be used at trial are located in Puerto Rico, not Texas. Consequently, the parties would have greater access to sources of proof in Puerto Rico than they would in Texas, the overall cost of attendance for willing witnesses would be much lower in Puerto Rico than in Texas, and Puerto Rico would have subpoena power over a larger number of non-party witnesses than Texas would. Overall, a trial in Puerto Rico would be quicker, easier, and far less expensive for both parties than a trial in Texas.

**3.    The court should give little deference to Metromedia and P.R. Ponderosa's choice of forum.**

39.    While a plaintiff's choice of forum is ordinarily accorded consideration by the courts, its weight in this case is significantly diminished by the fact that Metromedia and P.R. Ponderosa failed to sufficiently amend their pleadings to include the identity and citizenship of Metromedia's limited partners until nearly two months after their complaint was filed.

DEFENDANT BMJ FOODS PUERTO RICO, INC.'S MOTION TO TRANSFER VENUE
AND MOTION TO DISMISS FOR WANT OF JURISDICTION AND BRIEFS IN SUPPORT                    PAGE 13

4059175.1
56503.1

40.     In fact, Metromedia and P.R. Ponderosa did not attempt to plead the citizenship of Metromedia's limited partners until they were expressly directed to do so by the court on no less than three occasions – by which time (January 25, 2008) more than three weeks had elapsed since BMJ Foods had filed the Puerto Rico Action (January 3, 2008).  Moreover, by the time Metromedia and P.R. Ponderosa corrected their pleadings in the Texas Action, they had already filed a Notice of Removal in the Puerto Rico Action that specifically identified Metromedia's limited partners for the purpose of establishing subject matter jurisdiction in the Puerto Rico federal court.  A Fourth Amended Petition has also been filed recently, apparently in a further attempt to satisfy jurisdiction.

41.     Such a lackadaisical approach towards the Texas Action strongly suggests Metromedia and P.R. Ponderosa's indifference to genuinely litigating this matter in its chosen forum.

## C.    Transfer is proper

42.     The first to file rule, as applied by the Fifth Circuit and the Northern District of Texas, and the public and private interest factors in the analysis for venue change under § 1404(a) strongly favor the transfer of the Texas Action to the District of Puerto Rico where the litigation will proceed more conveniently and in the interests of justice will be better served by coordinated and consistent treatment of the two related actions.

## II.
## MOTION TO DISMISS FOR WANT OF JURISDICTION

43.     In the alternative, Defendant requests the court to dismiss the Texas Action because at this point Defendant believes the court lacks subject matter jurisdiction and/or because the court cannot exercise personal jurisdiction over BMJ Foods.

DEFENDANT BMJ FOODS PUERTO RICO, INC.'S MOTION TO TRANSFER VENUE
AND MOTION TO DISMISS FOR WANT OF JURISDICTION AND BRIEFS IN SUPPORT                    PAGE 14

4059175.1
56503.1

A.      **Subject Matter Jurisdiction**

44.     The plaintiffs allege that the court has diversity jurisdiction because Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000.  *See* Plaintiffs' Complaint at ¶ 4.  Although Plaintiffs alleged that the court has diversity jurisdiction it is doubtful there is complete diversity between all plaintiffs and defendants according to their real interests in this dispute.  *See* 28 U.S.C. § 1332; *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941).  Plaintiffs cannot show complete diversity because it appears that plaintiff P.R. Ponderosa and defendant BMJ Foods are citizens of the same state.

45.     BMJ Foods is a citizen of Puerto Rico because it is incorporated under the laws of Puerto Rico and maintains its principal place of business in Puerto Rico.

46.     P.R. Ponderosa is also a citizen of Puerto Rico because, upon information and belief, it maintains its principal place of business in Puerto Rico, not in the State of Texas as Plaintiffs allege.

47.     Because BMJ Foods and P.R. Ponderosa are both citizens of Puerto Rico, this suit does not give rise to diversity jurisdiction.  Therefore, the court lacks subject matter jurisdiction and should dismiss the Plaintiffs' suit.

B.      **Personal Jurisdiction**

48.     In the event the case is not transferred to Puerto Rico, Defendant also requests the court determine whether it has personal jurisdiction over BMJ Foods.  Based upon the allegations in Plaintiffs' Complaint, it does not appear that BMJ Foods has sufficient minimum contacts with the State of Texas.

DEFENDANT BMJ FOODS PUERTO RICO, INC.'S MOTION TO TRANSFER VENUE
AND MOTION TO DISMISS FOR WANT OF JURISDICTION AND BRIEFS IN SUPPORT                    PAGE 15

4059175.1
56503.1

49.     The Due Process Clause permits the exercise of jurisdiction over a nonresident defendant only if:  (1) the defendant has purposely availed itself of the benefits and protections of the forum state by establishing sufficient "minimum contacts" with the forum state; and (2) the exercise of jurisdiction would not offend "traditional notions of fair play and substantial justice." *Alpine View Co.*, 205 F.3d at 214-15.

50.     Defendant would show that the court's exercise of jurisdiction over BMJ Foods would violate due process for the following reasons:

**1.     BMJ Foods is a non-resident.**

51.     BMJ Foods is a corporation established under the laws of Puerto Rico and whose principal place of business is located in Puerto Rico.  BMJ Foods does not maintain and has never maintained any office or place of business in Texas.  Therefore, BMJ Foods is a non-resident of Texas.  Because BMJ Foods is a non-resident of Texas, this court may not exercise jurisdiction over it unless, for one, BMJ Foods has established minimum contacts with Texas and, secondly, such jurisdiction would comport with traditional notions of fair play and substantial justice.  *See Alpine View Co.*, 205 F.3d at 214-15.

**2.     BMJ Foods did not establish sufficient "minimum contacts" with the Texas.**

52.     "Minimum contacts" can be established through contacts sufficient to assert general or specific jurisdiction. *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004); *Alpine View*, 205 F.3d at 215.  A court may exercise general jurisdiction when the nonresident defendant's contacts with the forum state, although not related to a plaintiff's cause of action, are substantial, continuous, and systematic. *Alpine View*, 205 F.3d at 215,217 (citing *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 415-16

DEFENDANT BMJ FOODS PUERTO RICO, INC.'S MOTION TO TRANSFER VENUE
AND MOTION TO DISMISS FOR WANT OF JURISDICTION AND BRIEFS IN SUPPORT                    PAGE 16

4059175.1
56503.1

(1984)).  In contrast, the focus of the specific jurisdiction inquiry is "on the relationship between the defendant, the forum, and the litigation." *Fredensprung*, 379 F.3d at 343.  A court may exercise specific jurisdiction when:  "(1) the defendant purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; and (2) the controversy arises out of or is related to the defendant's contacts with the forum state." *Id.* (citing *Helicopteros Nacionales de Columbia, S.A.*, 466 U.S. at 415-16).

### 3.      There is no general jurisdiction over BMJ Foods.

53.      There is no general jurisdiction over BMJ Foods because it does not have continuous, systematic, or substantial contacts with Texas.

54.      As established in Plaintiffs' pleadings, BMJ Foods does business in Puerto Rico. Its only offices are located in Puerto Rico.  All of the restaurants that BMJ Foods operates under the Ponderosa and Ponderosa Express names and are the subject of this litigation are located in Puerto Rico.

55.      Under such circumstances, BMJ Foods has not developed any sort of systematic, ongoing connection with Texas.   Accordingly, general jurisdiction over BMJ Foods is not present.

### 4.      There is no specific jurisdiction over BMJ Foods.

56.      Neither is there specific jurisdiction over BMJ Foods in this case because this particular controversy did not "arise out" of any contact that BMJ Foods has had with Texas.

57.      The only contact that BMJ Foods has with the state of Texas is that it negotiated a contract with a Texas based company.   However, merely negotiating a contract with a Texas company, the performance of which will occur outside of the state, does not, by itself, amount to

DEFENDANT BMJ FOODS PUERTO RICO, INC.'S MOTION TO TRANSFER VENUE
AND MOTION TO DISMISS FOR WANT OF JURISDICTION AND BRIEFS IN SUPPORT                    PAGE 17

4059175.1
56503.1

a contact sufficient to give rise to jurisdiction.  *Saudi v. Marine Atlantic*, 159 F. Supp. 2d 469, 481 (S.D. Tex. 2000) (citing *U-Anchor Adver., Inc. v. N.H. Burt*, 553 S.W.2d 760, 763 (Tex. 1977)).

58.   As there are no minimum contacts between BMJ Foods and Texas related to this controversy, there is no basis to assert specific jurisdiction over BMJ Foods in this case.

## C.   Conclusion

59.   In accordance with the foregoing, the court's exercise of jurisdiction over BMJ Foods would violate due process.   Therefore, this action should be dismissed for want of jurisdiction.

## III.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, BMJ Foods respectfully requests this court to transfer this case to the District of Puerto Rico, or, in the alternative, to dismiss this case for want of jurisdiction, and for all other relief, at law or at equity, to which it is entitled.

Respectfully submitted,


/s/ Peter J. Harry
Peter J. Harry
State Bar No. 09134600

**BROWN MCCARROLL, L.L.P.**
2000 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
(214) 999-6100
(214) 999-6170 (fax)
E-mail:  pharry@mailbmc.com

ATTORNEY FOR DEFENDANT

DEFENDANT BMJ FOODS PUERTO RICO, INC.'S MOTION TO TRANSFER VENUE
AND MOTION TO DISMISS FOR WANT OF JURISDICTION AND BRIEFS IN SUPPORT                                    PAGE 18

4059175.1
56503.1

## CERTIFICATE OF CONFERENCE

This is to certify that the undersigned conferred with counsel for the Plaintiffs regarding the merits of this Motion.  An agreement could not be reached, therefore, the motion is submitted to the Court for review.

/s/ Peter J. Harry
Peter J. Harry

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2008, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Eric W. Pinker, P.C.
Renee S. Strickland
LYNN TILLOTSON & PINKER, LLP
750 North St. Paul Street, Suite 1400
Dallas, Texas 75201

/s/ Peter J. Harry
Peter J. Harry

DEFENDANT BMJ FOODS PUERTO RICO, INC.'S MOTION TO TRANSFER VENUE
AND MOTION TO DISMISS FOR WANT OF JURISDICTION AND BRIEFS IN SUPPORT                    PAGE 19

4059175.1
56503.1