```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF TEXAS
            DALLAS DIVISION
```

METROMEDIA STEAKHOUSES          §
COMPANY, L.P., et al.,          §
                                §
              Plaintiffs,       §
                                § Civil Action No. 3:07-CV-2042-D
VS.                             §
                                §
BMJ FOODS PUERTO RICO, INC.,    §
                                §
              Defendant.        §

## MEMORANDUM OPINION AND ORDER

Defendant BMJ Foods Puerto Rico, Inc. ("BMJ Foods") moves to transfer venue of this case to the District of Puerto Rico, in which a second suit is pending. Alternatively, it moves to dismiss for want of subject matter or personal jurisdiction. For reasons that follow, the court denies the motions.[1]

I

This dispute arises out of several franchise agreements that govern the operation of Ponderosa Steakhouse restaurants in the commonwealth of Puerto Rico. Franchisor-plaintiffs Metromedia Steakhouses Company, L.P. ("Metromedia") and Puerto Rico Ponderosa, Inc. ("P.R. Ponderosa") sued franchisee-defendant BMJ Foods after it withheld fees allegedly owed to Metromedia under the agreements. Shortly thereafter, BMJ Foods sued Metromedia in a Puerto Rico

---

[1] Plaintiffs responded to BMJ Foods's motion on March 3, 2008. Under N.D. Tex. R. 7.1(f), BMJ Foods's reply brief, if any, was due March 18, 2008. It did not file a reply brief, and the motions are now ripe for determination.

court for breach of the same franchise agreements and for violation of Puerto Rico law. The action was later removed to the United States District Court for the District of Puerto Rico.

II

BMJ Foods maintains first that the case must be transferred to the District of Puerto Rico under the first-to-file rule.

A

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). "The rule rests on principles of comity and sound judicial administration." *Id.* "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *W. Gulf Maritime Ass'n v. ILA Deep Sea Local 24,* 751 F.2d 721, 729 (5th Cir. 1985). When faced with duplicative litigation, "[i]n addition to outright dismissal, it sometimes may be appropriate to transfer the action or to stay it. A stay may, for example, be appropriate to permit the court of first filing to rule on a motion to transfer." *Id.* at 729 n.1.

B

Although Metromedia and P.R. Ponderosa filed the present lawsuit almost a month before BMJ Foods filed suit in Puerto Rico, BMJ Foods maintains that the Puerto Rico action was really "first" within the meaning of the rule. According to BMJ Foods, the Puerto Rico court was first to determine that it had jurisdiction. It points to this court's December 27, 2007 order, in which the court directed plaintiffs to amend their complaint to properly allege the citizenship of Metromedia's limited partners (for purposes of establishing diversity jurisdiction). *See Metromedia Steakhouses Co., L.P. v. BMJ Foods P.R., Inc.*, No. 3:07-CV-2042 (N.D. Tex. Dec. 27, 2007) (Fitzwater, C.J.) (order). And it maintains that, because plaintiffs had not cured the complaint's defects before jurisdiction was established in the Puerto Rico court, the later-filed action takes priority. The court disagrees.

The first-to-file rule is not a jurisdictional inquiry. Although the Fifth Circuit earlier described the rule as granting priority to the court with "prior *jurisdiction* over the common subject matter," *Mann Manufacturing, Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971) (emphasis added), the court later clarified that it is the court of the first *filing* that has priority, even if there are outstanding jurisdictional issues remaining to be resolved. *See Cadle,* 174 F.3d at 604-05. Although the court in the first-filed case may, in "[e]xceptional

circumstances," choose to defer to the second court for the sake of judicial economy (e.g., if the unresolved jurisdictional issue is complicated), it is not required to do so. *See id.* at 605. And in any event, no such circumstances exist here.

III

BMJ Foods next asserts that the case should be transferred pursuant to 28 U.S.C. § 1404(a).

A

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The decision to transfer is made to prevent waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *Bank One, N.A. v. Euro-Alamo Invs., Inc.,* 211 F.Supp.2d 808, 811 (N.D. Tex. 2002) (Fitzwater, J.) (citing *Stabler v. N.Y. Times Co.,* 569 F. Supp. 1131, 1137 (S.D. Tex. 1983)). Nonetheless, the court may not transfer a case where the result is merely to shift the inconvenience of the venue from one party to the other. *Fowler v. Broussard,* 2001 WL 184237, at *6 (N.D. Tex. Jan. 22, 2001) (Fitzwater, J.) (citing *Enserch Int'l Exploration, Inc. v. Attock Oil Co.,* 656 F. Supp. 1162, 1167 n. 15 (N.D. Tex. 1987) (Fitzwater, J.)). "The burden rests on the [moving party] to prove by a

preponderance of the evidence that [the] choice of forum should be disturbed and transfer is appropriate based on a balancing of relevant factors." *Mannatech, Inc. v. K.Y.C., Inc.,* 2006 WL 2216033, at *2 (N.D. Tex. Aug. 3, 2006) (Solis, J.) (citations omitted); *see also Peteet v. Dow Chem. Co.,* 868 F.2d 1428, 1436 (5th Cir. 1989).

B

The court first addresses "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir. 2004) (per curiam). The District of Puerto Rico would be a proper venue for this case. "The court must then balance all relevant factors to determine whether the litigation would be more conveniently held in a different forum and whether the interests of justice would be better served by a transfer." *Mannatech,* 2006 WL 2216033, at *2 (citing *The Whistler Group, Inc. v. PNI Corp.*, 2003 WL 22939214, at *2 (N.D. Tex. Dec. 5, 2003) (Fish, C.J.)). In making its determination, the court considers "a number of private and public interest factors, none of which are given dispositive weight." *In Re Volkswagen AG,* 371 F.3d at 203 (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Co.,* 358 F.3d 337, 340 (5th Cir. 2004)).

> The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or] the application of foreign law.

*Id.* (citations and internal quotation marks omitted; bracketed material added).

C

Turning now to the private interest factors, the court first considers the relative accessibility of sources of proof. Plaintiffs' franchise documents are maintained at their headquarters in the Northern District of Texas, and BMJ Foods's documents are maintained at their headquarters in the District of Puerto Rico. The court does not perceive an advantage in one forum over the other in this respect. Accordingly, this factor is neutral.

The second and third factors examine the relative availability of compulsory process and the cost of attending trial for willing witnesses. "The convenience of the witnesses is often regarded as the most important factor to be considered in deciding whether to transfer venue. However, it is the convenience of the non-party

witnesses that is accorded the greatest weight." *Sargent v. Sun Trust, N.A.*, 2004 WL 1630081, at *3 (N.D. Tex. July 20, 2004) (Fitzwater, J.) (internal quotation marks omitted) (quoting *Minka Lighting, Inc. v. Trans Globe Imps., Inc.*, 2003 WL 21251684, at *2 (N.D. Tex. May 23, 2003) (Fish, C.J.)). BMJ Foods asserts that these factors favor transfer because more nonparty witnesses reside in Puerto Rico than in Texas. But it neither offers evidence of this fact nor does it identify the supposed witnesses, as is its burden. *See, e.g., Bank One,* 211 F.Supp.2d at 812 ("The moving part[y] bear[s] the burden of proving by a preponderance of the evidence that transfer is appropriate. This requires . . . identification of key witnesses and the general content of their testimony." (citations omitted)). By contrast, plaintiffs have identified by affidavit two potential nonparty witnesses who reside in north Texas: Gary Schneider, former President of Ponderosa and Bonanza Steakhouses (a division of Metromedia), and Robert Petska, former President of Metromedia. *See* Ps. App. 4-5. The court concludes that the second and third factors weigh against transferring the case.

The fourth factor examines all other practical issues associated with the choice of venue. BMJ Foods maintains that plaintiffs have a strong presence in Puerto Rico, while plaintiffs argue that they have essentially no presence there. Neither side presents evidence regarding the issue. Accordingly, this factor is

neutral.

D

The court next turns to the public interest factors. The first of these considers the administrative difficulties flowing from court congestion. BMJ Foods posits that this factor favors transfer because it would be more efficient to try both the Puerto Rico and Texas lawsuits in the same forum. But while litigating both cases in the same district may be more efficient, this does not of itself support the transfer of *this* first-filed case, as opposed to the transfer of the second-filed case. Thus if this factor favors BMJ Foods at all, it does so only slightly.

The second public interest factor considers the interest in having localized interests decided at home. This factor generally favors the venue where the acts giving rise to the lawsuit occurred. *See Spiegelberg v. Collegiate Licensing Co.,* 402 F.Supp.2d 786, 792 (S.D. Tex. 2005) (citing *In re Volkswagen*, 371 F.3d at 206). BMJ Foods contends that Puerto Rico is the forum where most of the events giving rise to this dispute occurred, because the restaurants involved in the dispute are located in Puerto Rico and the franchise services were received in Puerto Rico. Plaintiffs respond that most of these services were coordinated and disseminated from Metromedia's North Texas headquarters, including the provision of accounting and business procedures, advertising and marketing recommendations, the

provision and protection of Ponderosa trademarks, and research and development for new food products. The record is unclear whether the operative facts occurred primarily in Texas or in Puerto Rico. Accordingly, this factor will be regarded as neutral.

The third public interest factor is the forum's familiarity with governing law. The parties agree that the Puerto Rico Dealer's Act, P.R. Laws Ann. tit. 10, § 278 *et seq.* (1991), may apply to this case. Although plaintiffs correctly point out that other fora are capable of applying this law, there can be little question that a court sitting in Puerto Rico has greater familiarity with Puerto Rico law than does a court sitting in the Northern District of Texas. Accordingly, the third public interest factor favors transferring the case.

The fourth public interest factor concerns the avoidance of unnecessary conflicts of laws. In its motion to transfer, BMJ Foods discusses the existence of a choice-of-law provision in the franchise agreements, but it does not explain how this provision creates a conflict of laws or how such a conflict might be avoided by transferring the case. Accordingly, this factor is neutral.

E

Based on the foregoing analysis, the court finds that only one factor—the Puerto Rico court's familiarity with Puerto Rico law—definitively favors transfer, and considering all the factors *in toto*, the court holds that BMJ Foods has failed to establish

that the case should be transferred to the District of Puerto Rico. Accordingly, its motion to transfer venue is denied.

IV

BMJ Foods moves in the alternative to dismiss for lack of subject matter or personal jurisdiction.

A

BMJ Foods contends that the court lacks subject matter jurisdiction because P.R. Ponderosa maintains its principal place of business in Puerto Rico. If this fact is true, it is contrary to the allegations in plaintiffs' complaint, and it would destroy complete diversity. BMJ Foods offers no evidence of this fact, however. And in response to BMJ Foods's allegation, plaintiffs have submitted affidavit evidence that P.R. Ponderosa's principal place of business is in Texas. This is sufficient to establish subject matter jurisdiction at this stage of the litigation based on complete diversity.

B

BMJ Foods next maintains that the court lacks personal jurisdiction.

1

"When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir.

1985) (citing *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985)). The determination whether a federal district court has personal jurisdiction over a nonresident defendant is bipartite. The court first decides whether the long arm statute of the state in which it sits confers personal jurisdiction over the defendant. If it does, the court then resolves whether the exercise of jurisdiction is consistent with due process under the United States Constitution. *See, e.g., Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999). Because the Texas long arm statute extends to the limits of due process, the court need only consider whether exercising jurisdiction over BMJ Foods would be consistent with the Due Process Clause of the Fourteenth Amendment. *See id.; Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000).

> The Due Process Clause of the Fourteenth Amendment permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend "traditional notions of fair play and substantial justice." To comport with due process, the defendant's conduct in connection with the forum state must be such that he "should reasonably anticipate being haled into court" in the forum state.

*Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (footnotes omitted). To determine whether exercising jurisdiction would satisfy traditional notions of fair play and substantial justice,

the court examines "(1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies." *Berry v. Lee*, 428 F.Supp.2d 546, 557 (N.D. Tex. 2006) (Fitzwater, J.) (citations omitted).

A defendant's contacts with the forum may support either specific or general jurisdiction. *Mink*, 190 F.3d at 336. "For the court properly to assert specific personal jurisdiction, the defendant must have 'purposefully directed' his activities at residents of the forum, and the litigation must result from alleged injuries that 'arise out of or relate to' the defendant's activities directed at the forum." *Archer & White, Inc. v. Tishler*, 2003 WL 22456806, at *2 (N.D. Tex. Oct. 23, 2003) (Fitzwater, J.) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). "General jurisdiction exists when a defendant's contacts with the forum state are unrelated to the cause of action but are 'continuous and systematic.'" *Mink*, 190 F.3d at 336 (citations omitted).

> When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, it must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts posed by the affidavits. Therefore, in a no-hearing situation, a plaintiff satisfies his burden by

> presenting a prima facie case for personal jurisdiction.

*Latshaw*, 167 F.3d at 211 (footnotes omitted). "This liberal standard, however, does not require the court to credit conclusory allegations, even if they remain uncontradicted." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 2000 WL 35615925, at *2 (N.D. Tex. Sept. 15, 2000) (Fitzwater, J.) (citing *Felch v. Transportes Lar-Mex SA DE CV*, 92 F.3d 320, 326 n. 16 (5th Cir. 1996)), *aff'd*, 253 F.3d 865, 869 (5th Cir. 2001) (per curiam) (affirming, *inter alia*, this conclusion).

2

BMJ Foods asserts that it has no "minimum contacts" with Texas because the parties did nothing more than negotiate a contract. Plaintiffs have adduced evidence, however, that the parties entered into and maintained several franchise agreements over a period of almost ten years, during which BMJ Foods directed repeated correspondence and personal visits to Metromedia's Texas headquarters. BMJ Foods does not contest these facts with any evidence of its own. Accordingly, the court holds that BMJ Foods's contacts with the state of Texas are sufficient to confer specific personal jurisdiction over it. And because BMJ Foods does not argue that asserting jurisdiction would offend "traditional notions of fair play and substantial justice," its motion to dismiss cannot be granted on that basis. *See Latshaw,* 167 F.3d at 211.

* * *

BMJ Foods's February 11, 2008 motion to transfer venue and motion to dismiss for want of jurisdiction are denied.

**SO ORDERED.**

March 26, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE